UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM JOHN CRANDALL,    )  <br>                                                )  <br>           Plaintiff               )  <br>                                                )  <br>v.                                          )           No. 1:24-cv-00419-JAW  <br>                                                )  <br>NORTHERN LIGHT EASTERN  )  <br>MAINE MEDICAL CENTER,    )  <br>                                                )  <br>           Defendant             )  | |

### RECOMMENDED DECISION ON MOTION TO DISMISS

In his pro se complaint, William John Crandall alleges he was wrongfully committed to emergency psychiatric care at Northern Light Eastern Maine Medical Center (EMMC) and denied food and water while at the hospital. *See* Complaint (ECF No. 1) at 4. He brings claims against EMMC for violating 42 C.F.R. § 482.13 and the privacy provisions of the Health Insurance Portability and Accountability Act (HIPAA) of 1996, as well as several Maine laws. *See id.* at 3; ECF No. 1-1.

EMMC now moves to dismiss Crandall's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See* Motion (ECF No. 10) at 1. EMMC argues that neither HIPAA nor the federal Medicare/Medicaid regulation cited by Crandall provide a private cause of action and that this court lacks diversity jurisdiction over Crandall's state law claims because he is a Maine citizen suing a Maine corporation. *See id.* at 3-4.

Crandall does not respond to any of these legal arguments in his opposition to EMMC's motion to dismiss. *See* Opposition (ECF No. 12). Instead, he improperly

1

attempts to allege new facts and assert a Fourth Amendment claim. *See id.*; *Davis v. Theriault*, No. 1:22-cv-00275-JDL, 2023 WL 5628193, at *32 (D. Me. Aug. 31, 2023) ("Parties cannot cure deficiencies in pleadings by asserting new facts and allegations in response to a motion to dismiss.").

Even with a liberal reading of Crandall's complaint, I agree with the Defendants that this Court lacks subject matter jurisdiction over his claims. *See Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009) (affirming the dismissal of HIPAA claims on the basis "that HIPAA does not create a private right of action"); *Trimble v. Emory Healthcare, Inc.*, No. 1:20-cv-1469-MLB, 2021 WL 1244864, at *3 (N.D. Ga. Jan. 21, 2021) (collecting cases and holding that 42 C.F.R. § 482.13 "provides no private right of action"); *Violette v. N. Me. Reg'l Reentry Ctr.*, No. 1:17-cv-28-DBH, 2017 WL 1063284, at *2 (D. Me. Mar. 21, 2017) (rec. dec.) ("Given the lack of diversity jurisdiction, and given the lack of any cognizable federal claim . . . , this Court lacks subject matter jurisdiction over Plaintiff's claims."), *aff'd*, 2017 WL 1373856 (D. Me. Apr. 13, 2017); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing to the contrary rests upon the party asserting jurisdiction." (cleaned up)).

For these reasons, I recommend that the Court **GRANT** EMMC's motion and **DISMISS** Crandall's complaint.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered*

*pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: March 25, 2025

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge
