UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM JOHN CRANDALL, )<br>)<br>    Plaintiff    )<br>)<br>v.    )<br>)<br>NORTHERN LIGHT EASTERN )<br>MAINE MEDICAL CENTER, )<br>)<br>    Defendant.    ) | 1:24-cv-00419-JAW |

**ORDER ON RECOMMENDED DECISION**

On December 5, 2024, William John Crandall, appearing pro se, filed a civil complaint against Northern Light Eastern Maine Medical Center (EMMC), claiming EMCC wrongfully admitted him to its emergency psychiatric wing, and, while there, subjected him to an illegal strip search and compromised his health, safety, and personal information, allegedly violating 42 C.F.R. § 482.13, the Health Insurance Portability and Accountability Act (HIPAA) as codified at 42 U.S.C. § 1320d *et seq.*, and several Maine state laws. *Compl. for a Civ. Case* at 4 (ECF No. 1) (*Compl.*).[1] He seeks "equitable compensation of $160 million dollars." *Id.* at 5.

---

[1] Mr. Crandall refers to the Defendant variously as "Northern Lights Eastern Maine Medical," *Compl.* at 1, "Northern Lights Eastern Maine Medical Cent[er]," *id.* at 2, and "eastern Maine Medical Center." *Id.*, Attach. 1, *Statement of Claim Continued* at 1. The Defendant refers to itself as "Northern Light Eastern Maine Medical Center." *Mot. to Dismiss of Def. N. Light E. Me. Med. Ctr. for Lack of Fed. Jurisdiction* at 1-4 (ECF No. 10). The Court is confident the Defendant knows its own name and refers to it in this order as "Northern Light Eastern Maine Medical Center."

In addition, the Court notes that on December 5, 2024, Mr. Crandall filed a separate action against the Orono, Maine Police Department and the town of Orono, alleging the defendants in that case violated his rights protected in various state and federal statutes and constitutional amendments by entering his home without a warrant and subsequently transferring him to EMCC. *See Crandall v. Orono Police Dep't*, No. 1:24-cv-00418-JAW. The Orono Police Department and the town of Orono filed a motion to dismiss, which a Magistrate Judge recommended the Court grant. No. 1:24-cv-00418-JAW, *Defs. Town of Orono and Orono Police Dep't's Mot. to Dismiss the Compl.* (ECF No. 10); No. 1:24-

On February 25, 2025, EMMC moved the Court to dismiss Mr. Crandall's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that neither HIPAA nor 42 C.F.R. § 482.13 provides a private right of action and that all remaining claims arise under state law. *Mot. to Dismiss of Def. N. Light E. Me. Med. Ctr. for Lack of Fed. Jurisdiction* at 1-4 (ECF No. 10) (*Mot. to Dismiss*). Mr. Crandall opposed the Defendant's motion to dismiss on March 3, 2025. *Req. for Denial of Dismissal N. Light[] E. Me. Med. Ctr.* (ECF No. 12) (*Pl.'s Opp'n*). EMMC did not reply.

On March 25, 2025, a United States Magistrate Judge recommended the Court grant the Defendant's motion to dismiss and accordingly enter an order dismissing Mr. Crandall's complaint. *Recommended Decision on Mot. to Dismiss* (ECF No. 13) (*Rec. Dec.*). Because a Magistrate Judge reviewed the Defendant's motion pursuant to 28 U.S.C. § 636(b)(1)(B), Mr. Crandall had a right to de novo review by the district judge upon filing an objection within fourteen days of being served, *see* 28 U.S.C. § 636(b)(1)(C); however, Mr. Crandall did not file an objection.

28 U.S.C. § 636(b)(1)(C) instructs the Court to "make a de novo determination of those portions of the . . . recommendations to which objection is made," 28 U.S.C. § 636(b)(1)(C); *see also* 28 U.S.C. § 636(b)(1)(B), and the First Circuit has clarified that the Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Here, Mr. Crandall did not object and thus there are no "disputed portions of the report and

---

cv-00418-JAW, *Recommended Decision on Mot. to Dismiss* (ECF No. 13). The Court will issue a separate order on the Recommended Decision in Docket No. 1:24-cv-00418-JAW.

recommendation" entitled to de novo review. *Id.* Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

It is black-letter law that "[f]ederal courts are courts of limited jurisdiction," *Calvary Chapel of Bangor v. Mills*, 984 F.3d 21, 30 (1st Cir. 2020) (quoting *Rhode Island v. EPA*, 378 F.3d 19, 22 (1st Cir. 2004)), and "jurisdictional boundaries must be scrupulously observed." *Id.* Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," as pleaded on the face of the well-pleaded complaint. *Viqueira v. First Bank*, 140 F.3d 12, 17 (1st Cir. 1998) (quoting 28 USC § 1331). Here, Mr. Crandall's complaint alleges federal-law violations of HIPAA and 42 C.F.R. § 482.13, invoking the Court's federal question jurisdiction. *Compl.* at 3. Mr. Crandall's related claims under state law, then, potentially fall within the supplemental jurisdiction of the Court. *See* 28 U.S.C. § 1367.

However, as the Magistrate Judge correctly concludes, neither federal claim Mr. Crandall pleads provides a private right of action. *Rec. Dec.* at 2 (citing *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009) (affirming the dismissal of HIPAA claims on the basis "that HIPAA does not create a private right of action"); *Trimble v. Emory Healthcare, Inc.*, No. 1:20-cv-1469-MLB, 2021 U.S. Dist. LEXIS 67263, at *7-8 (N.D. Ga. Jan. 21, 2021) (collecting cases from other federal courts determining 42 C.F.R. § 482.13 "provides no private right of action") (citation amended)).

The Court agrees with the Magistrate Judge's analysis and adds a comment about HIPAA. HIPAA provides for civil and criminal penalties on persons who improperly handle or disclose individually identifiable health information. *Valentin-Munoz v. Island Fin. Corp.*, 364 F. Supp. 2d 131, 136 (D.P.R. 2005) (citing, e.g., 42 U.S.C. §§ 1320d to d-8). "However, the law specifically indicates that only the Secretary of Health and Human Services or other authorized state authorities may bring forth a HIPAA enforcement action," *id.* (citing, e.g., 42 U.S.C. § 300gg-22), and, as such, "HIPAA does not provide for an express private cause of action." *Id.* "Moreover, courts have consistently found that HIPAA does not provide an *implied* private cause of action." *Id.* (citing 42 U.S.C. § 300gg-22 and collecting federal district court cases) (emphasis in original).

Federal courts have consistently rejected federal question jurisdiction when the predicate federal statute, like HIPPA, does not provide a private cause of action. *Id.* (concluding a federal district court lacked subject matter jurisdiction over a HIPAA claim "because federal jurisdiction cannot be based on a federal statute that does not provide a private cause of action") (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 817 (1986)); *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) ("there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over [plaintiff's] asserted claims"); *Johnson v. Quander*, 370 F. Supp. 2d 79, 100 (D.D.C. 2005) (no subject matter jurisdiction over claim because there is no private right of action under HIPAA); *O'Donnell v. Blue Cross Blue Shield of Wyo.*, 173 F. Supp. 2d 1176, 1180, 1184-85 (D. Wyo. 2001) (same)).

The same is true for 42 C.F.R. § 482.13, which sets forth the conditions hospitals must meet to participate in Medicare and Medicaid, and explains various patient rights, such as the right to personal privacy and to the confidentiality of clinic records. *See* 42 C.F.R. § 482.13. The regulation does not, however, contain an express or implied private right of action. *Trimble*, 2021 U.S. Dist. LEXIS 67263, at *7-8 (citing, e.g., *Smith v. Univ. of Minn. Med. Ctr.-Fairview Riverside*, No. 09-293, 2010 U.S. Dist. LEXIS 110090, at *46-47 (D. Minn. July 14, 2010) ("Nothing in this regulation provides for a private cause of action"); *Cornerstone Therapy Servs., Inc. v. Reliant Post Acute Care Sols., LLC*, No. 2:16CV00018, 2016 U.S. Dist. LEXIS 160931, at *24 (W.D. Va. Nov. 21, 2016) (holding § 482.13 "does not create any private right of action; it merely sets forth requirements for providers to participate in Medicare")).

Because neither federal claim pleaded on the face of Mr. Crandall's complaint provides a private cause of action, the Court concludes it does not have subject matter jurisdiction over the federal-law claims. *See Merrell Dow Pharms., Inc.*, 478 U.S. at 817. Further, there has been no allegation that the Court has diversity jurisdiction over this dispute, and the Court is aware of no evidence to warrant its independent conclusion to the contrary. *See Compl.* at 2 (stating Mr. Crandall is a resident of Orono, Maine and EMCC is headquartered in Bangor, Maine). In sum, the Court agrees with the Magistrate Judge's assessment that, "[g]iven the lack of diversity jurisdiction, and given the absence of any cognizable federal claim . . . this Court lacks subject matter jurisdiction over Plaintiff's claim." *Rec. Dec.* at 2 (quoting *Violette v.*

*N. Me. Reg'l Reentry Ctr.*, No. 1:17-cv-28-DBH, 2017 U.S. Dist. LEXIS 40313, at *4 (D. Me. Mar. 21, 2017)).

One final issue warrants discussion. As noted, Mr. Crandall also pleads various violations of state law, over which the Court could, in its discretion, exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367. However, pursuant to 28 U.S.C. §1367(c) and *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966), the Court declines to exercise supplemental jurisdiction over the Plaintiff's state-law claims against EMCC. *See Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995). "As a general principle, the unfavorable disposition of a Plaintiff's federal claim at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." *Id.* (citing *Gibbs*, 383 U.S. at 725 ("If the federal claims are dismissed before trial, . . . the state claims should be dismissed as well"); *Martinez v. Colon*, 54 F.3d 980, 990 (1st Cir. 1995) (citation amended) (affirming the dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no legitimate federal question existed")). The First Circuit has held that "the exercise of supplemental jurisdiction in such circumstances is wholly discretionary," but "in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). After considering these factors, this Court will not depart

6

from well-established precedent and chooses to dismiss the remaining state-law claims in Mr. Crandall's complaint without prejudice. *See id.*; *accord United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016) ("Federal courts are courts of limited jurisdiction.  They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects").

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record.  Having performed a de novo review pursuant to 28 U.S.C. § 363(b)(1)(B), the Court affirms the Recommended Decision and determines that no further proceedings are necessary.  The Court AFFIRMS Recommended Decision on Motion to Dismiss (ECF No. 13), GRANTS Motion to Dismiss of Defendant Northern Light Eastern Maine Medical Center for Lack of Federal Jurisdiction (ECF No. 10), and DISMISSES without prejudice Complaint for a Civil Case (ECF No. 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2025